J-S51016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
   :
RONALD THOMAS COMEGER   :
   :
Appellant   :   No. 937 MDA 2020

Appeal from the PCRA Order Entered June 29, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003339-2016

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED FEBRUARY 17, 2021**

Ronald Thomas Comeger appeals from the order denying his Post Conviction Relief Act (PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We conclude Comeger did not establish his counsel ineffectiveness claims and affirm the order.

In June 2016, Comeger was arrested after he failed to stop for the police, and engaged the police in a high-speed chase. His girlfriend and her seven-week old son were in the car. During the chase, Comeger reached speeds exceeding 120 miles per hour, weaved in and out of traffic, and passed approximately 120 vehicles. The chase ended when Comeger collided with another vehicle after he hit the berms on the roadway, while attempting to avoid hitting "stop sticks" placed by a state trooper. Memorandum Opinion, No. 1542 MDA 2017, filed Aug. 31, 2018, at 1-2.

Comeger was charged with attempted criminal homicide, aggravated assault of a police officer, aggravated assault of a person less than six years of age, endangering welfare of children, fleeing or attempting to elude a police officer, and multiple counts of recklessly endangering another person ("REAP"),[1] as well as violations of the Vehicle Code and Controlled Substance, Drug, Device, and Cosmetic Act.[2]

The court set bond at $1,000,000. Counsel filed two motions to reduce bail, and a motion for nominal bail, all of which the trial court denied.

Following a May 2017 trial,[3] a jury convicted Comeger of aggravated assault of a victim less than six years of age, endangering the welfare of child, fleeing or attempting to elude a police officer, and 15 counts of REAP. It found him not guilty of attempted homicide and aggravated assault of a police officer.[4]

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(2), 2702(a)(8), 4304(a), 75 Pa.C.S.A. § 3733(a), and 18 Pa.C.S.A. § 2705, respectively.

[2] 75 Pa.C.S.A. 101 et al. and 35 P.S. 780-101, et al.

[3] The verdict, court sheet, and order requiring the preparation of a pre-sentencing report were filed in May 2017, and the transcript of the bench trial lists a May 2017 date. The transcript of the jury trial lists June 2017 dates. It appears that the date listed on the jury trial transcript was an error, and we therefore will use the May 2017 date as the trial date.

[4] The charges alleging violations of the Controlled Substance, Drug, Device, and Cosmetic Act were withdrawn prior to trial. The trial court found Comeger guilty of various Vehicle Code violations.

The trial court sentenced Comeger to 9½ to 19 years' incarceration. At the sentencing, counsel made minor corrections to the pre-sentence report ("PSI"), including changes in the date of arrest and the grading of one of the offenses, and stated that, although there were 22 parole violations, Comeger wanted the court to know that "a lot" were technical violations. N.T., 8/7/17, at 3-4. Counsel also spoke on behalf of Comeger, including informing the court that Comeger was a father, was remorseful, and was a mentor to younger prisoners. N.T., 8/7/17, at 5-6. Comeger also submitted a written document to the court and spoke at the sentencing. *Id.* at 4, 7. In imposing sentence, the court discussed, among other things, Comeger's criminal history, that he was a father, and his employment, noting "[h]is work history includes painting and phones sales," which "certainly shows he can follow directions." *Id.* at 9.

Comeger filed a motion for modification of sentence, arguing the consecutive sentences resulted in a manifestly excessive sentence, in light of the criminal conduct, and the sentence was unduly harsh considering the nature of the crimes. He further argued the excessive sentence was imposed to punish Comeger for crimes for which he was found not guilty. The trial court denied the motion.

Comeger filed a notice of appeal. One of the issues he raised on direct appeal was that the trial court abused its discretion because it imposed consecutive sentences, which resulted in an excessive sentence. This Court affirmed the judgment of sentence concluding, among other things, that the

court did not abuse its discretion. Comeger filed a petition for allowance of appeal, which the Supreme Court denied in February 2019.

In February 2020, Comeger filed a timely *pro se* PCRA petition, alleging, among other things, that the bail amount and the sentence imposed were excessive, and that his trial counsel was ineffective for failing to raise the excessiveness arguments. The PCRA court appointed counsel, who filed a *Turner/Finley*[5] no merit letter and a petition to withdraw as counsel. The PCRA court issued notice of its intent to dismiss the petition without a hearing and granted counsel's motion to withdraw. By order entered in July 2020,[6] it denied the PCRA petition. Comeger filed a timely notice of appeal.

Comeger raises the following issues on appeal:

> 1) Was counsel ineffective for not arguing that bail was extremely excessive and violated [Comeger's] rights under Constitutional Right Amendment Eight, [e]xcessive bail shall not be required?
>
> 2) Was tr[ia]l counsel and [p]ost [s]entence [c]ounsel ineffective for not arguing and presenting a proper argument that the sentence given was in fact excessive and violated [Comeger's] rights to effective assistance of counsel under the Sixth Amendment as well as cruel and unusual punishment?

Comeger's Br. at 4 (suggested answers omitted).

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[6] The order was dated June 29, 2020 and filed July 27, 2020.

of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

For purposes of an ineffectiveness claim, "counsel is presumed to have rendered effective assistance." **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). A petitioner may overcome this presumption by pleading and proving by a preponderance of the evidence that: "(1) [T]he underlying legal claim has arguable merit; (2) counsel had no reasonable basis for [the] action or inaction; and (3) [the a]ppellant suffered prejudice because of counsel's action or inaction." **Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting **Presley**, 193 A.3d at 442). To establish prejudice, the petitioner must "show that his trial counsel's conduct had an actual adverse effect on the outcome of the proceedings." **Commonwealth v. Spotz**, 84 A.3d 294, 315 (Pa. 2014).

In his *pro se* PCRA petition, Comeger argued both that his bail was excessive and that his counsel was ineffective for failing to argue it was excessive. In his appellate brief, Comeger concedes that a claim that bail was excessive is not cognizable under the PCRA, but maintains that his claim that trial counsel was ineffective for failing to challenge the bail amount is cognizable and meritorious. Comeger's Br. at 8. He claims his counsel should have investigated the charges, as the evidence did not support the attempted murder charge, and that his counsel should have requested a hearing to reduce the bail amount. He claims his counsel was ineffective for failing to

argue that the Commonwealth based its decision to request the high bail amount on faulty information.

The PCRA court concluded the underlying claim, that is, that the bail was excessive, lacked merit. Trial Court Opinion, filed June 4, 2020, at 6. ("Notice of Intent to Dismiss"). It noted that Pennsylvania Rule of Criminal Procedure 523 provides the factors a court should consider when imposing bail. *Id.* (citing Pa.R.Crim.P. 523(A)).[7] It found the bail was reasonable

---

[7] Rule 523(A) provides:

> (A) To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:
>
> (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;
>
> (2) the defendant's employment status and history, and financial condition;
>
> (3) the nature of the defendant's family relationships;
>
> (4) the length and nature of the defendant's residence in the community, and any past residences;
>
> (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;
>
> (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

considering the charges, which included attempted homicide, aggravated assault, and fleeing or eluding the police, and Comeger's extensive prior criminal history. *Id.* It further found Comeger did not prove counsel's actions lacked a reasonable basis or that he suffered prejudice, noting that Comeger's trial counsel had filed motions to reduce bail, which were denied. *Id.* These findings are supported by the record, and the court did not err in finding the ineffectiveness claim lacked merit. The underlying claim lacked arguable merit, counsel did file motions to reduce bail, and any alleged failure at the bail proceeding stage did not prejudice Comeger, as it would not alter the outcome of the proceedings.

Comeger next argues his counsel was ineffective for failing to properly argue that his sentence was excessive and that the court failed to consider his rehabilitative needs. He claims counsel should have presented evidence and testimony on his behalf.

On direct appeal, counsel argued that the trial court imposed an excessive sentence and failed to consider Comeger's rehabilitative needs. This

---

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523(A).

is the same as the claim underlying Comeger's ineffective assistance of counsel claim. Counsel cannot be found ineffective for failing to present a claim and argument that counsel actually raised. To the extent Comeger claims counsel should have presented character witnesses and information about his employment and community involvement, and claims counsel should not have allowed the Commonwealth to present the "faulty" pre-sentence report, this claim also fails. At sentencing, Comeger made some corrections to the PSI, but did not take that opportunity to make any additional corrections to the allegedly "faulty" report. Further, Comeger points to no information that the court should have considered, but did not. His ineffectiveness claim therefore lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021